■    ALBERT OTTENWAELDER et al., Respondents, v. SANTUCCIO RASTELLI et al., Appellants.— Motion by respondents to dismiss appeal denied, on condition that appellant perfect and be ready to argue or submit the appeal at the March Term, beginning March 4, 1963; appeal ordered on the calendar for said term. The record and appellants' brief must be served and filed on or before February 11, 1963. This disposition is without prejudice to the renewal of the motion to dismiss on the argument of the appeal upon the ground that the notice of appeal was not timely served, if respondents be so advised. Beldock, P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.

## (January 22, 1963)

■    SUSIE N. COY, as Administratrix of the Estate of RUSSELL E. COY, Deceased; Respondent, v. FANRIS HOLDING CORP. et al., Appellants.— Motion by appellants for a stay, pending appeal, granted, on condition that appellants perfect and be ready to argue or submit their appeals at the March Term, beginning March 4, 1963; appeals ordered on the calendar for said term. The record and appellants' briefs must be served and filed on or before February 18, 1963. Beldock, P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.

## (January 28, 1963)

■    ANTHONY BENTIVEGNA, Respondent, v. ROGER A. BOSCHA et al., Appellants.— In an action by a real estate broker to recover commissions allegedly owed to him by the defendants, the defendants appeal from so much of an order of the Supreme Court, Queens County, dated June 13, 1962, as denied their motion for leave to serve an amended answer so as to plead an affirmative defense based upon plaintiff's execution and delivery of a general release to one Bernard Foti "with whom the defendants are alleged in the complaint to have conspired to deprive plaintiff of his commission." Order, insofar as appealed from, reversed, without costs, and defendants' motion granted. The amended answer shall be served within 10 days after entry of the order hereon. Under all the circumstances presented by this record, and in view of the fact that no prejudice accrued to the plaintiff by reason of the defendants' delay in seeking to amend their answer as proposed, we are of the opinion that it was an improvident exercise of discretion on the part of the learned Special Term to refuse to permit the defendants to serve such amended answer (*Greenspan* v. *Greenspan*, 14 A D 2d 910). "The mere lapse of time is not a sufficient ground for denial" (*Calautti* v. *National Transp. Co.*, 10 A D 2d 955). In granting defendants' motion we do not pass upon the sufficiency or the merits of the proposed defense (*Amherst Bowling Center* v. *Dolce*, 11 A D 2d 1079). Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.